FILED
CLERK, U.S. DISTRICT COURT
JUL 30 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS MIDDLETON, <br><br> Defendant. <br><br> and RELATED CROSS-ACTION | CASE NO. CV 14-05591 UA (DUTYx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |

  The Court remands this matter to state court summarily because it was improperly removed and this Court lacks subject matter jurisdiction.

  On July 18, 2014, Defendant Travis Middleton lodged with the Court a Notice of Removal of Santa Barbara Superior Court Case No. B722928 ("Notice"). Together with the Notice, Defendant also presented an application to proceed without prepayment of the filing fee. The Court has denied the latter application in a separate order in light of the

absence of jurisdiction. To prevent the action from remaining in jurisdictional limbo, the Court now issues this order to remand the action to state court as follows.

Defendant Middleton seeks to remove to this court a pending criminal prosecution against him for a traffic violation. He alleges that the "traffic stop encounter" which led to his citation violated the Fourth Amendment and the "Terry Stop Principle" and that the action may be removed pursuant to the provisions of 28 U.S.C. §§ 1441(c) and 1443(1) "in that the state court action is a quasi-criminal action" which "arises under 42 U.S.C. §§ 1983, 1985(3) and 1986." [Notice at ¶¶ 1, 5.]

The Notice does not competently allege facts supporting any basis for original subject matter jurisdiction in this Court, and therefore removal under § 1441(c) is improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Specifically, it is clear from a review of the Notice and attached exhibits that the case Defendant seeks to remove is a routine traffic offense matter which is not a civil action and could not have been originally brought in federal court. The fact that Defendant asserts constitutional violations which he claims would invalidate the traffic citation at issue does not suffice to establish that the case he seeks to remove "arises under" federal law for purposes of removal. See Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)(federal-question removal jurisdiction must be grounded in allegations of complaint, not on possible defenses asserted by removing defendant).

Nor does the Notice support removal jurisdiction under § 1443, which allows for removal of a criminal prosecution by a defendant who is

2

denied or cannot enforce in state court "a right under any law providing for the equal civil rights of citizens of the United States or within the jurisdiction thereof." 28 U.S.C. § 1443(1). Removal under this provision requires that the defendant meet a two-pronged test: first, that the right allegedly denied to defendant arises under a federal law explicitly protecting racial equality; and second, that there is a formal expression of state law or an equivalent basis for concluding that defendant would be denied the specified federal right in state court. See Johnson v. Mississippi, 421 U.S. 213, 220, 95 S. Ct. 1591 (1975); Georgia v. Rachel, 384 U.S. 780, 803, 86 S. Ct. 1783 (1966). Neither of these requirements is met here, given that Defendant does no more than allege a Fourth Amendment violation which may be asserted and enforced in the regular course of the state court prosecution. See Davis v. Superior Court, 464 F.2d 1272, 1273 (9th Cir. 1972)(approving summary remand of criminal action where it was readily apparent from petition that there could be no ground for removal under "specific and extremely narrow" provisions of § 1443(1)); Anderson v. California, No. C 11-06292 CW (PR), 2012 WL 163023 (N.D. Cal. Jan. 19, 2012)("The enforcement of constitutional rules of general applicability and the accommodation of generalized fears of unfairness in the criminal justice system are not sufficient bases for removal under 28 U.S.C. § 1443." (citations omitted)).

---

Accordingly, this matter is **remanded** to the Superior Court of California for the County of Santa Barbara, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to send a certified copy of this order to the state court and to serve copies of this order on the parties.

**IT IS SO ORDERED.**

DATED: 7/25, 2014

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE